Filed 11/26/14  P. v. Mamea CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOHN MAFUA MAMEA,<br><br>    Defendant and Appellant. | F067261<br><br>(Super. Ct. No. CF95545799)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Jonathan B. Conklin, Judge.

Elaine Forrester, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Peter H. Smith and Daniel B. Bernstein, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]Before Detjen, Acting P.J., Franson, J. and Peña, J.

# INTRODUCTION

"On November 6, 2012, the voters approved Proposition 36, the Three Strikes Reform Act of 2012, which amended [Penal Code[1]] sections 667 and 1170.12 and added section 1170.126 (hereafter the Act [or Proposition 36]).  The Act changes the requirements for sentencing a third strike offender to an indeterminate term of 25 years to life imprisonment. Under the original version of the three strikes law a recidivist with two or more prior strikes who is convicted of any new felony is subject to an indeterminate life sentence.  The Act diluted the three strikes law by reserving the life sentence for cases where the current crime is a serious or violent felony or the prosecution has pled and proved an enumerated disqualifying factor.  In all other cases, the recidivist will be sentenced as a second strike offender.  (§§ 667, 1170.12.)  The Act also created a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety.  (§ 1170.126.)"  (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167–168.)

Defendant John Mamea, an inmate serving a term of 52 years to life in prison following his conviction of three felonies that were neither violent nor serious, filed a petition to recall his sentence under the Act.  The superior court determined defendant was ineligible for resentencing and denied the petition.  Defendant now appeals.

We hold:  (1) a court's finding that a defendant is not eligible for resentencing is appealable; (2) a person convicted of illegally possessing a firearm is not automatically disqualified from resentencing by virtue of such a conviction; instead, the record of conviction must be examined to ascertain the existence of a disqualifying factor; and (3) disqualifying factors need not be pled and proved to a jury beyond a reasonable doubt. While the trial court here erroneously found automatic disqualification, the record on appeal establishes defendant was armed during the commission of at least one of his current offenses.  Hence, we will affirm the denial of defendant's petition.

---

[1]Further statutory references are to the Penal Code unless otherwise indicated.

**FACTS AND PROCEDURAL HISTORY**[2]

In the early morning of August 14, 1995, Fresno City College Police Officer Kirk Bryant saw a red Pontiac Grand Prix illegally parked on campus. As Bryant approached the Pontiac, it suddenly accelerated and sped away. Officer Bryant pursued the vehicle as it reached speeds of 70 miles per hour, ran three stop lights, and crashed into a power pole. Bryant identified defendant as the driver, having observed him get out of the car, run in front of Bryant's patrol vehicle, and flee the scene. During a related search of defendant's car, the officer found a loaded nine-millimeter handgun partially concealed under the driver's side floor mat, several live nine-millimeter rounds on the front passenger's floorboard, and a wallet containing a calling card and a motel receipt issued in defendant's name. A silencer was found in the trunk.

On August 17, 1995, defendant's parole officer and other law enforcement personnel went to the motel where defendant was staying and arrested him as he exited his room. During a search of defendant's room, the officers found a .38-caliber revolver.

Following a jury trial, defendant was convicted of two counts of being a felon in possession of a firearm (former § 12021, subd. (a)(1)),[3] one count of being a felon in possession of a firearm in a vehicle (former § 12025, subds. (a)(1), (b)(1)), resisting arrest (§ 148, subd. (a)), and evading a police officer (Veh. Code, § 2800.1). The trial court found defendant had two prior convictions within the meaning of the three strikes law and he had served two prior prison terms. Defendant was sentenced to consecutive 25

---

[2]Plaintiff filed an unopposed motion for judicial notice, asking this court to take judicial notice of its own prior record as relevant to the instant appeal. Thus, we take judicial notice of our prior decision in *People v. Mamea* (Aug. 6, 1997, F025939 [nonpub. opn.].) (Evid. Code, § 452, subd. (d).)

[3]Former section 12021, subdivision (a)(1) was repealed as of January 1, 2012, but its provisions were reenacted without substantive change as section 29800, subdivision (a)(1). (*People v. Sanders* (2012) 55 Cal.4th 731, 734, fn. 2.) Because defendant was convicted under the repealed statute, which was only renumbered without substantive change, we refer to former section 12021 throughout this opinion for clarity and convenience.

years to life terms, plus an additional two years for the prior prison terms, for a total term of 52 years to life. We affirmed the convictions and sentence on August 6, 1997.

On November 28, 2012, defendant filed a pro se petition for recall of his sentence under the Act. The court appointed counsel for defendant, set the matter for hearing, and directed the People to file any brief two weeks prior to the date of the hearing. The People opposed defendant's petition, arguing defendant was armed during the commission of his current offense, thereby disqualifying him from consideration under the terms of the Act. Defendant filed a supplemental brief in support of his petition on April 4, 2013.

On May 10, 2013, the court ruled defendant was statutorily ineligible for resentencing because of his offense of conviction. The court found that section 1170.126 was poorly drafted. In order to interpret inconsistent and ambiguous language therein, the court considered the electorate's intent and concluded the intent was to exclude from consideration any individual petitioning for resentencing for any weapon-related felony. This appeal followed.[4]

## DISCUSSION

### Defendant Was Not Eligible for Resentencing Because He Was "Armed with a Firearm" During Commission of His Current Offense

An inmate is ineligible for resentencing under the Act if his or her current sentence was "imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." (§ 1170.126, subd. (e)(2).) Thus, an inmate is disqualified from resentencing if, inter alia, "[d]uring the commission of the current offense, the defendant used a firearm, was

---

[4]The California Supreme Court confirmed the denial of a petition for resentencing is an appealable order with its recent holding in *Teal v. Superior Court* (Nov. 6, 2014, S211708) ___ Cal.4th ___ [2014 Cal. LEXIS 10481; 2014 WL 5739048].

4.

armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person."  (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).)

As this court has recently held, a defendant is not automatically disqualified for purposes of resentencing under the Act by his or her current conviction for being a felon in possession of a firearm.  (*People v. Blakely* (2014) 225 Cal.App.4th 1042, 1051-1057.) Rather, as relevant here, eligibility for resentencing turns on whether the record of conviction establishes the defendant was armed during the commission of the current offense.  (*Id.* at p. 1052.)  In construing the intent of the voters in enacting the Act, we concluded that offenders who used or were armed with a firearm during the commission of their current offense were considered to be a group of convicted persons that the electorate had no intention of extending the resentencing benefit to.  (*Id.* at pp. 1053-1057; see *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1034-1038; *People v. Superior Court* (*Cervantes*) 225 Cal.App.4th 1007, 1014-1018; *People v. Superior Court* (*Martinez*) (2014) 225 Cal.App.4th 979, 990-995.)  In *Blakely*, we stated:

> "It is clear the electorate's intent was not to throw open the prison doors to *all* third strike offenders whose current convictions were not for serious or violent felonies, but only to those who were perceived as nondangerous or posing little or no risk to the public.  A felon who has been convicted of two or more serious and/or violent felonies in the past, and most recently had a firearm readily available for use, simply does not pose little or no risk to the public." (*People v. Blakely*, *supra*, 225 Cal.App.4th at p. 1057; *People v. Osuna*, *supra*, at p. 1038 [same]; see *People v. Superior Court* (*Cervantes*), *supra*, at p. 1018 ["We do not view the electorate as deeming someone with a firearm available for use, either offensively or defensively, in the commission of a felony to be nondangerous or to pose little risk to the public"].)

Here, then, we consider whether defendant was armed during the commission of his current offense.  To that end, we will turn to an examination of the record of conviction, which properly includes our prior appellate opinion following the direct appeal of defendant's current offenses.  (*People v. Woodell* (1998) 17 Cal.4th 448, 451 ["[T]he record of the conviction is not limited to the *trial* court record but extends to the

5.

*appellate* court record, including the appellate opinion"]; see *People v. Guilford* (2014) 228 Cal.App.4th 651, 660-661.)

Initially, we note the meaning of being armed for these purposes. "'[A]rmed with a firearm,' as that phrase is used in the Act, [means] having a firearm available for offensive or defensive use" during the commission of the current offense. (*People v. Blakely*, *supra*, 225 Cal.App.4th at p. 1052; *People v. Osuna*, *supra*, 225 Cal.App.4th at pp. 1029-1030; see *People v. Superior Court* (*Cervantes*), *supra*, 225 Cal.App.4th at pp. 1015-1016; see also *People v. Superior Court* (*Martinez*), *supra*, 225 Cal.App.4th at pp. 989-990.)

The trial testimony recited in our 1997 opinion following his direct appeal reveals defendant was approached by a law enforcement officer after having been illegally parked on the Fresno City College campus. Before he could be contacted however, defendant sped away in his vehicle, reaching speeds of 70 miles per hour and running stop lights, before crashing into a power pole. Although he was pursued by law enforcement, defendant successfully fled the scene. As the officer later searched defendant's vehicle, he "found a loaded nine-millimeter handgun partially concealed under the driver's side floor mat …." A search of defendant's motel room several days later, carried out after defendant left the room and was arrested without incident, revealed a .38-caliber revolver. Accordingly, the record establishes defendant had a firearm available for offensive or defensive use during the commission of his current offense or offenses.[5] On August 14, 1995, defendant had available to him, for offensive or defensive use, the nine-millimeter handgun that had been partially concealed under the driver's side floor mat of his vehicle just prior to his having been approached by Officer

---

[5]We caution that here, the facts in the appellate opinion were derived from the evidence presented at trial. Although part of the record of conviction, the appellate opinion will not necessarily be relevant or admissible in its entirety. (*People v. Woodell*, *supra*, 17 Cal.4th at pp. 457–460.) This may be especially true where the facts recited therein have their source in the probation officer's report rather than the trial evidence. (See *People v. Trujillo* (2006) 40 Cal.4th 165, 180–181; *People v. Reed* (1996) 13 Cal.4th 217, 220, 230–231.)

Bryant and during his subsequent flight. Although perhaps a closer question, we find that prior to having exited his motel room on August 17, 1995, defendant had available to him, for offensive or defensive use, a 38-caliber revolver. Therefore, defendant was armed for purposes of the Act for both convictions of felon in possession of a firearm. Thus, defendant is ineligible for resentencing.

As to defendant's assertion that the use or arming exception "must be pled and proved as an enhancement or tethered to the underlying offense," we have also recently addressed this issue.

In both *Blakely* and *Osuna*, we found that disqualifying factors need not be pled or proven to a trier of fact beyond a reasonable doubt. In both cases, we explained the language of section 1170.126 does not impose a plead-and-prove requirement "in connection with the procedure for determining whether an inmate already sentenced as a third strike offender is eligible for resentencing as a second strike offender. [Citation.]" (*People v. Blakely*, *supra*, 225 Cal.App.4th at p. 1059, italics omitted; *People v. Osuna*, *supra*, 225 Cal.App.4th at p. 1033.) Nor did the electorate intend such a requirement. (*Blakely*, *supra*, at p. 1059.) Other courts have similarly held. (See, e.g., *People v. Elder* (2014) 227 Cal.App.4th 1308, 1314-1315; *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1332-1134; *People v. White* (2014) 223 Cal.App.4th 512, 526-527.)

Further, we have also recently determined, contrary to defendant's assertion, that "*Apprendi*[ *v. New Jersey* (2000) 530 U.S. 466] and its progeny do not apply to a determination of eligibility for resentencing under the Act." (*People v. Blakely*, *supra*, 225 Cal.App.4th at p. 1060; *People v. Osuna*, *supra*, 225 Cal.App.4th at p. 1039; see *People v Bradford*, *supra*, 227 Cal.App.4th at pp. 1334-1336.) We explained that "finding an inmate is not eligible for resentencing under section 1170.126 does not increase or aggravate that individual's sentence; rather, it leaves him or her subject to the sentence originally imposed." (*People v. Blakely*, *supra*, at p. 1061; *People v. Osuna*, *supra*, at p. 1040.)

In sum, while a defendant who has suffered a conviction for being a felon in possession of a firearm is not automatically disqualified from resentencing under the Act, in this case, the record of conviction reveals defendant was armed during the commission of that offense and, hence, he is disqualified and not eligible to be resentenced as a second strike offender.

## DISPOSITION

The judgment is affirmed.